| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

ALLEN F. CALTON, §
§
    Plaintiff, §
§
versus                                    §     CIVIL ACTION NO. 1:17-CV-239
§
PINKEE PATEL, et al., §
§
    Defendants. §

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Allen F. Calton, proceeding *pro se*, filed the above-styled civil rights lawsuit against several defendants. The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and orders of this court.

After the court entered an order directing prison officials to prepare an administrative record in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987), the court entered another order informing plaintiff the *Martinez* Report was being converted into a motion for summary judgment. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that this lawsuit be dismissed pursuant to Federal Rule of Civil Procedure 56.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation.[1] The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs with respect to his dental care. In order to be deliberately indifferent, a defendant must be aware an inmate faces a substantial risk of serious harm and disregard the risk by failing to take

---

[1] Plaintiff actually filed two sets of objections. However, the second set filed by plaintiff (#101) is identical to the first set.

reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 827 (1994). Neither allegations of negligence on the part of a defendant nor a disagreement as to the treatment provided are sufficient to establish deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Plaintiff's objections focuses on the actions of defendant Tucker, a dentist, on April 9, 2018. Plaintiff was scheduled for scaling and root planing on that date. However, defendant Tucker determined that, in light of a full mouth periodontal probing previously performed, scaling and root planing might no longer be worth the cost because it might not do any good in light of the progression of plaintiff's periodontal disease. Defendant Tucker determined that teeth #8, 9, 11, 15, and 16, all upper teeth, needed to be extracted because they were non-recoverable based on the progression of the periodontal disease and an infection. Plaintiff refused to have the teeth extracted. In his objections, plaintiff states scaling and root planing were not performed on his lower arch because he refused to allow the extraction of the upper teeth. Plaintiff's medical records (#56-1, p. 13) show that after the appointment on April 9, defendant Tucker noted that five teeth needed to be extracted and that, as a result, scaling and root planing for the upper arch was no longer indicated. The medical records further state: "Patient refuses extraction at this time, refusal entry to be made, [scaling and root planing] to be removed from treatment plan." *Id*. The medical records do not indicate whether it was specifically concluded that scaling and root planing were no longer indicated for the lower arch. Plaintiff states that when Defendant Wong examined him on January 16, he determined that scaling and root planing were appropriate for both the upper and lower arches.

Plaintiff acknowledges that the decisions Defendant Tucker made on April 9 concerning his upper arch were proper and constitutional. However, he contends that canceling the scaling and root planing for his lower arch constituted deliberate indifference.

The medical records concerning April 9 state that while plaintiff was scheduled for scaling and root planing for his upper arch, additional evaluation of upper teeth was needed. (#56-1, p.

2

10). As a result, it is possible defendant Tucker only intended that scaling and root planing for plaintiff's upper arch be removed from his treatment plan. At this stage of the proceedings, however, relevant facts from the record must be construed in favor of plaintiff. *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019). As a result, it will be assumed defendant Tucker intended that scaling and root planing were no longer indicated for any of plaintiff's teeth.

As the magistrate judge stated, defendant Tucker made his determination after reviewing a full mouth periodontal probing performed on plaintiff. His determination regarding scaling and root planing was contrary to the determination made by defendant Wong. Defendant Tucker's disagreement with another dentist, however, does not constitute deliberate indifference. Moreover, the condition of plaintiff's teeth may have worsened between the date on which Dr. Wong made his recommendation and the date on which defendant Tucker made his determination.

Plaintiff contends defendant Tucker canceled the scaling and root planing for his lower teeth because he refused to have his upper teeth extracted. The medical records quoted above could be construed as supporting this contention. There is no evidence, however, that defendant Tucker canceled all scaling and root planing because he was displeased by plaintiff not agreeing to have the upper teeth extracted and resented plaintiff's refusal. Instead, there is nothing to indicate this determination was not based on the exercise of defendant Tucker's medical judgment. Defendant Tucker's determination regarding scaling and root cleaning may have been wrong or even negligent. But, as there is no evidence demonstrating defendant Tucker acted with an improper motive, there is no genuine issue of material fact as to whether his determination was based on his medical judgment after reviewing the records and examining plaintiff's teeth. As a result, it cannot be concluded defendant Tucker acted with deliberate indifference on April 9.

## ORDER

Accordingly, the objections filed by plaintiff in this matter (#99) are **OVERRULED**. The findings of fact and conclusions of law set forth in the report of the magistrate judge (#96) are

3

correct, and the report of the magistrate judge is **ADOPTED**. A final judgment shall be entered in accordance with the recommendation of the magistrate judge.

SIGNED at Beaumont, Texas, this 17th day of October, 2022.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE